UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIS CARLINE | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 13-4965 |
| | * | |
| CHEM CARRIERS TOWING LLC | * | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss. (Rec. Doc. 7). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

### I. BACKGROUND

This admiralty case involves the alleged garnishment of Plaintiff Curtis Carline's wages by Defendant Chem Carriers Towing, LLC. (Rec. Doc. 1). According to Plaintiff's complaint, "[i]n 2011 and 2012, in spite of 28 USC 11109(a) prohibiting garnishments of seamen's wages, Defendant allowed for Plaintiff's wages to be garnished in spite of Plaintiff's protestations with regard thereto." (Rec. Doc. 1 at 2). Plaintiff is seeking the wages that were owed to him in the amount that Defendant paid to a third party. In addition, Plaintiff is seeking attorney fees and punitive damages. (Rec. Doc. 1 at 2).

### II. PRESENT MOTION

On July 26, 2013, Defendant filed a Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), (3) and (7). (Rec. Doc. 7). First, Defendant argues that Plaintiff's claim does not meet the two-prong test for establishing this Court's admiralty jurisdiction. (Rec. Doc. 7 at 2). Second, Defendant claims that venue does not lie in the Eastern

1

District of Louisiana.  Defendant asks this Court to dismiss the matter for improper venue or, in the alternative, to transfer it to the Middle District of Louisiana.  (Rec. Doc. 7 at 4).  Lastly, Defendant claims that this case should be dismissed because Plaintiff failed to join a necessary party, Community Acceptance Corporation.  Defendant argues that because Community Acceptance Corporation is the party that sought and obtained the garnishment order, it is the party that would be liable for any cause of action that Plaintiff has.  (Rec. Doc. 7 at 5)

In opposition, Plaintiff clarifies that his claim is for breach of maritime contract, and therefore, he argues that Defendant's analysis regarding jurisdiction over maritime tort claims is inapplicable.  (Rec. Doc. 8 at 1).  Second, Plaintiff claims that admiralty and maritime cases are not governed by the general venue statute, 28 U.S.C. § 1391.  Rather, according to Plaintiff, the Court has jurisdiction over a case brought under Rule 9(h) whenever the court has personal jurisdiction over the defendant.  Lastly, Plaintiff claims that this suit arises from Defendant's "paternalistic duty" to protect seamen and does not concern Community Acceptance Corporation, the creditor-garnishor.  Furthermore, Plaintiff explains that this Court would not have subject matter jurisdiction over the garnishor.  (Rec. Doc. 8 at 5).

### III.   LAW & ANALYSIS

#### A.   Subject Matter Jurisdiction

In Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff clarifies that his cause of action is for "breach of a maritime contract," not for a tort.  (Rec. Doc. 8 at 1).  In light of this clarification, Defendant "agrees that the federal courts have subject matter jurisdiction" over this claim. (Rec. Doc. 12 at 1).  Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), is denied.

2

Case 3:13-cv-00729-SDD-SCR    Document 15    11/08/13    Page 2 of 5

### B. Venue

Defendant urges the Court to dismiss Plaintiff's claim for improper venue, pursuant to 28 U.S.C. § 1391 and Federal Rule of Civil Procedure 12(b)(3). Alternatively, Defendant asks the Court to transfer the claim to the Middle District of Louisiana pursuant to 28 U.S.C. § 1404(a).

28 U.S.C. § 1391 is titled "Venue generally" and governs venue in most federal civil actions. However, Rule 82 of the Federal Rules of Civil Procedure states: "These rules do not extend or limit the jurisdiction of the district courts or the venue of the actions in those courts. An admiralty or maritime claim under Rule 9(h) is not a civil action for purposes of 28 U.S.C. §§ 1391-1392." Arguably, according to Rule 82, the general venue statutes do not apply to admiralty cases like this one.

Defendant argues that while 28 U.S.C. § 1391 does not govern in this case, it is still relevant. Whether or not 28 U.S.C. § 1391 is relevant at all, the Court maintains discretion to transfer the case to another federal district court pursuant to 28 U.S.C. § 1404(a). *See In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981) ("Although the other general venue statutes are inapplicable in admiralty, section 1404(a) has been held to apply." (citing 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction s 3817, at 106 (1976))). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The Defendant Chem Carriers explains that it is located in Sunshine, Louisiana and, therefore, any wrongdoing that occurred would have taken place there. (Rec. Doc. 7-2 at 3). Furthermore, the garnishment order was issued by a state court that sits in Denham Springs,

3

Louisiana. (Rec. Doc. 7-4). The party who obtained the garnishment order is a Louisiana corporation domiciled in Gonzales, Louisiana. Lastly, the Plaintiff himself lives in Zachary, Louisiana. (Rec. Doc. 1-1). All of these locations are in the Middle District of Louisiana. In light of these facts, and considering the relevant private and public interest factors, the Court finds that it would be in the interest of justice to transfer this action to the Middle District of Louisiana for further proceedings.

### C. Joinder of Community Acceptance Corporation

Defendant also asks the Court to dismiss the case for failure to join a necessary party, pursuant to Federal Rule of Civil Procedure 12(b)(7). Alternatively, Defendant asks the Court to order that Community Acceptance Corporation be joined in the litigation, pursuant to Federal Rule of Civil Procedure 19. In light of the Court's decision to transfer this case to the Middle District of Louisiana, the Court will not address this issue.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion is **DENIED** in part. With respect to Defendant's request that this case be dismissed for lack of subject matter jurisdiction, the motion is denied. With respect to Defendant's request that this case be dismissed for improper venue, the motion is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion is **GRANTED** in part. This case is transferred to the Middle District of Louisiana, pursuant to 28 U.S.C. § 1404(a).

4

**IT IS FURTHER ORDERED** that Defendant's Motion to dismiss for failure to join a necessary party is **DENIED**, reserving Defendant's right to re-urge the motion in the Middle District of Louisiana.

New Orleans, Louisiana, this 7th day of November, 2013

_____
UNITED STATES DISTRICT COURT JUDGE

5

Case 3:13-cv-00729-SDD-SCR   Document 15   11/08/13   Page 5 of 5